IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CRIMINAL PRODUCTIONS, INC.          :
                                     :    CIVIL ACTION
           v.                        :
                                     :    NO. 17-3376
MITCHELL WILLIAMS                   :

## O R D E R

**AND NOW**, this  7th  day of   December   , 2017, upon consideration of Plaintiff's Motion for Entry of Default Judgment (ECF No. 6), and all documents submitted in support thereof, it is **ORDERED** as follows:

    A. Default judgment is entered in favor of Plaintiff Criminal Productions, Inc., and against Defendant Mitchell Williams.[1]

    B. Defendant must pay Plaintiff statutory damages in the amount of $1,500.[2]

---

[1] Plaintiff's Complaint alleges that in January 2017, Defendant copied and distributed the movie "Criminal" using the "peer-to-peer file sharing protocol" known as BitTorrent. (Compl. ¶ 12, ECF No. 1.) Plaintiff contends that Defendant's conduct infringed on Plaintiff's exclusive rights to the movie under the Copyright Act, 17 U.S.C. § 101, *et seq*. Plaintiff seeks statutory damages under the Copyright Act, as well as costs and attorneys' fees. Plaintiff also requests that Defendant be enjoined from any further infringing activity.

The Complaint was filed on July 26, 2017. Defendant was served with the Complaint on August 4, 2017. (ECF No. 5.) Defendant failed to file an Answer, or otherwise plead or defend this action. On August 30, 2017, the Clerk of the Court entered default against Defendant. On October 11, 2017, Plaintiff filed this Motion for Default Judgment. Defendant has not responded to the Motion, and no attorney has entered an appearance on behalf of Defendant. Under the circumstances, entering default judgment against Defendant is appropriate.

[2] The Copyright Act allows copyright holders to recover statutory damages from a copyright infringer upon a showing a liability. Section 504(c) of the Act provides for statutory damages "in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). Plaintiff requests statutory damages in the amount of $7,500. Plaintiff claims that Defendant committed two acts of infringement of the movie "Criminal," and also downloaded other movies using the software BitTorrent. However, the Complaint alleges that only one instance of infringement occurred. "Statutory damages may be awarded both to compensate the plaintiff for the infringement of its copyright; and to deter future infringements by punishing the defendant for its actions." *Plastic the Movie Ltd. v. Kinfu*, No. 15-1634, 2015

    C. Defendant must pay Plaintiff costs in the amount of $525.

    D. Defendant must pay Plaintiff attorneys' fees in the amount of $1500.[3]

    E. Defendant is enjoined from directly, contributorily, or indirectly infringing Plaintiff's rights to its copyrighted work, including without limitation, using BitTorrent to download and distribute the movie "Criminal."

    F. Defendant must destroy all copies of "Criminal" that Defendant has downloaded onto any computer hard drive or server without Plaintiff's authorization.

**IT IS SO ORDERED.**

BY THE COURT:

_____
**R. BARCLAY SURRICK, J.**

---

WL 6750832, at *3 (E.D. Pa. Nov. 5, 2015) (internal quotation marks omitted). Courts in this district have recognized that "when liability is established through default judgment rather than the merits, courts routinely award the minimum statutory damages amount." *Malibu Media, LLC v. Flanagan*, No. 13-5890, 2014 WL 2957701, at *3 (E.D. Pa. July 1, 2014) (citing cases and finding $1,500 per infringement reasonable where BitTorrent used for downloading and sharing copyrighted work); *see also Kinfu*, 2015 WL 6750832, at *3 (awarding $1,500 for infringement of work using BitTorrent). In *Kinfu*, the court noted that the award on the lower end of the statutory scale was appropriate because there was no evidence that the plaintiff lost revenues, and no evidence that the defendant profited from the illegal download. *Id*. Similarly, in this case, there is no evidence of Defendant's profits or of Plaintiff's lost revenues. Accordingly, an amount of $1,500 is reasonable.

    [3] Plaintiff has requested $2,470 in attorneys' fees. Much of the work associated with this request relates to pleadings that were filed in another case. For example, counsel seeks fees for preparing and filing "motions for discovery" and an amended complaint, neither of which were filed in this case. In addition, the pleadings that were filed in this case are identical to pleadings filed by Plaintiff's counsel against other defendants that infringed the work "Criminal." As a result, an award of attorneys' fees in the amount of $1,500 is more than reasonable. An award of costs in the amount of $525 is also reasonable.